# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-146V**
**Filed: December 19, 2016**
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
D.S., a minor, by and through his natural guardian, TESSA SKRYPEK,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

Damages Decision Based on Proffer; Rotavirus Vaccination; Intussusception; Special Processing Unit ("SPU")

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Robert P. Coleman, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 1, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") on behalf of D.S. Petitioner alleges that D.S. suffered from an intussusception as a result of receiving a rotavirus vaccination on June 5, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 19, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for the Table Injury of Intussusception. On December 16, 2016, respondent filed a rule 4 (c) report and proffer on award of compensation

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

("Proffer") indicating petitioner should be awarded compensation through future annuity payments as directed below. Proffer at 5. In the Proffer, respondent represented that petitioner agrees with the proffered award.

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **the undersigned awards petitioner compensation as follows:**

A. An amount sufficient to purchase an annuity contract,[3] paid to the life insurance company[4] from which the annuity will be purchased,[5] subject to the conditions described below, that will provide payments to D.S. as set forth below:

1. $19,495.61 payable in a certain lump sum on February 2, 2034.
2. $21,628.54 payable in a certain lump sum on February 2, 2037.
3. $24,145.72 payable in a certain lump sum on February 2, 2040.
4. $27,173.32 payable in a certain lump sum on February 2, 2043.

Should D.S. predecease any of the certain payments set forth above, said payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of D.S.'s death.

Proffer at 5-6. This amount represents compensation for all damages that would be available under § 300aa-15(a).

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

The clerk of the court is directed to enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.